IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs June 14, 2012


**MICHAEL G. MCCALL v. JENNIFER SUE MCCALL**


**Direct Appeal from the Chancery Court for Crockett County**
**No. 9313     George R. Ellis, Chancellor**

---

**No. W2012-00692-COA-R3-CV - Filed June 29, 2012**

---

Father and Mother filed a joint motion to modify a parenting plan entered by the trial court
in 2010. In their motion, Father and Mother asked the court to reduce Father's child support
obligation, to modify the parenting time schedule, and to amend the plan to permit a known
registered sexual offender to be in the presence of their children. The trial court denied the
motion with respect to allowing a sexual offender to be in the presence of the children, and
otherwise granted the motion. Mother appeals. We affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**
**and Remanded**


DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and
J. STEVEN STAFFORD, J., joined.

Mitchell G. Tollison, Jackson, Tennessee, for the appellant, Jennifer Sue McCall.


**OPINION**


Michael G. McCall (Father) and Jennifer Sue McCall, a/k/a Jennifer Sue Jordan
(Mother; collectively, "Parents") are the divorced parents of two minor children, born in
2003 and 2007. In January 2011, Parents filed a joint motion in the Chancery Court for
Crockett County to modify the parenting plan for their children entered by the trial court in
January 2010. In their motion, Parents sought to reduce Father's child support obligation;
to amend the residential, holiday, and vacation parenting schedules; and to allow Robert Lee
Amerson (Mr. Amerson) to be in the presence of their children. Following a hearing in
March 2011, the trial court refused to modify the parenting plan upon finding that Mr.
Amerson is a registered sex offender. Mother filed a notice of appeal to this Court. On
appeal, Mother asserted the trial court erred in denying the joint motion because the victim
in the case to which Mr. Amerson pled guilty to sexual battery by an authority figure was not

a minor. She argued that there was no legal prohibition to Parents' minor children being in the presence of Mr. Amerson. In October 2011, we dismissed Mother's appeal for lack of a final judgment and remanded the matter to the trial court. *McCall v. McCall*, No. W2011–01146–COA–R3–CV, 2011 WL 4552576 (Tenn. Ct. App. Oct. 4, 2011).

On March 1, 2012, Mother filed a motion in the trial court seeking a ruling on each prayer asserted in Parents' January 2011 joint motion. Following a hearing on March 12, 2012, the trial court denied the motion to amend the parenting plan with respect to allowing Mr. Amerson to be in the presence of the children. The motion was granted with respect to reducing Father's child support obligation and the parenting schedule. The trial court entered an Ordered Parenting Plan providing, in relevant part, that Mr. Amerson is not to be in the presence of the parties' children because he is a convicted sexual offender and is listed on the Sexual Offender Register. Mother filed a timely notice of appeal to this Court.

### *Issue Presented*

Mother presents the following issue for our review:

Whether the trial court erred in refusing to grant the joint motion of the Plaintiff and Defendant to allow Robert Lee Amerson to be in the presence of the parties' children on the basis that Mr. Amerson is a registered sex offender although the sexual offense victim was not a minor at the time of the commission of the offense.

### *Standard of Review*

Trial courts have broad discretion to fashion parenting arrangements that best suit the unique circumstances of each case. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Accordingly, we review the trial court's determination under an abuse of discretion standard. *Id.* Under this standard, the trial court's ruling "'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn.2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). An abuse of discretion occurs when the trial court "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge*, 42 S.W.3d at 85 (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). This standard does not permit an appellate court to substitute its judgment for the judgment of the trial court. *Id.* (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)). The primary consideration for the courts is the welfare of the children. *Id.*

### *Discussion*

In her brief to this Court, Mother cites Tennessee Code Annotated § 40-39-211 to support her argument that Tennessee law does not prohibit a person who has been convicted of sexual battery by an authority figure from living in the same household as a minor unless the victim of the sexual battery was a minor. She argues that, because there is no "lawful prohibition against" Mr. Amerson being in the presence of minor children, the trial court erred by denying the parties' motion to modify the parenting plan to permit Mr. Amerson to be in the presence of their minor children.

We begin our discussion by noting that only Mother has appealed the trial court's judgment; Father has not. We also note that Mr. Amerson's relationship to the parties is unclear. It is undisputed, moreover, that Mr. Amerson was convicted of sexual battery by an authority figure. The record in this case contains a March 2007 judgment of the circuit court for Crockett County reflecting that Mr. Amerson was indicted for rape and pled guilty to sexual battery by an authority figure for an offense that occurred in March 2006. Mr. Amerson received a prison sentence of four years, and is a registered sexual offender. The record also contains an affidavit of an assistant district attorney general for Crockett County stating that the victim of Mr. Amerson's offense was not a minor at the time of the offense.

As stated above, the welfare of the children is the primary consideration of the court when fashioning a parenting plan. Additionally, as we previously have stated, the trial court's duty to make decisions that are in the best interest of the children is not trumped by an agreed order. *In re Skyler J. H.*, No. M2009–01991–COA–R3–JV, 2011 WL 704905, at *8 (Tenn. Ct. App. Feb. 28, 2011). Parents' private agreements do not bind the court with respect to issues affecting the best interests of the children, and they do not relieve the court of its obligation to act in the children's best interest. *Tuetken v. Tuetken*, 320 S.W.3d 262, 272 (Tenn. 2010). The trial court in this case was not relieved of its obligation to act in the best interest of the children notwithstanding that the motion to modify the parenting plan was filed by both parents.

Tennessee Code Annotated § 40-39-211(a)(2010 & Supp. 2011) provides, in relevant part:

> While mandated to comply with the requirements of this chapter, no sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, whose victim was a minor, shall knowingly establish a primary or secondary residence or any other living accommodation, knowingly obtain sexual offender treatment or attend a sexual offender treatment program or knowingly accept employment within one thousand feet (1,000') of the

-3-

property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public.

Section 49-39-211(c) provides:

> (c) While mandated to comply with the requirements of this part, no sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, whose victim was a minor, shall knowingly reside with a minor. Notwithstanding this subsection (c), the offender may reside with a minor if the offender is the parent of the minor, unless one (1) of the following conditions applies:
> (1) The offender's parental rights have been or are in the process of being terminated as provided by law; or
> (2) Any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender.

Section 40-39-211(d)(1), moreover, provides:

> No sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, shall knowingly:
> (A) Be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present;
> (B) Stand, sit idly, whether or not the offender is in a vehicle, or remain within one thousand feet (1,000') of the property line of any building owned or operated by any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when children under eighteen (18) years of age are present, while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there; or
> (C) Be in any conveyance owned, leased or contracted by a school, licensed day care center, other child care facility or recreation center to transport students to or from school, day care, child care, or a recreation center or any related activity thereof when children under eighteen (18) years of age are present in the conveyance.

-4-

"Tennessee statutes, taken together, impose a duty on trial courts to protect the best interests of children." *Tuetken*, 320 S.W.3d at 271. Nothing in the statutes suggest that the trial court abused its discretion in denying Parents' motion to amend the parenting plan to allow a convicted sexual offender to be in the presence of the minor children in this case. Mother's argument is wholly without merit.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Jennifer Sue McCall, a/k/a Jennifer Sue Jordan, and her surety, for which execution may issue if necessary. This matter is remanded to the trial court for the enforcement of the judgment and collection of costs.

_____
DAVID R. FARMER, JUDGE